

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00161-CV

———————————————

IN THE INTEREST OF J.W., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-702194-21

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant S.G. appeals from the district court's order terminating her parental rights to her son, J.W. S.G.'s court-appointed appellate counsel has filed an *Anders* brief concluding that the appeal is frivolous and without merit, and counsel has filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the criminal defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)).

### Anders Brief

The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Taylor v. Tex. Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). S.G.'s counsel has certified to this court that he provided S.G. with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. S.G. declined to file a response. The Department notified us that it would not file a brief.

Upon receiving an *Anders* brief, we must conduct an independent examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*,

2

488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on S.G.'s behalf. Our review of the record assures us that any issue that S.G. might raise would be frivolous. Accordingly, we affirm the district court's judgment.

### Motion to Withdraw

The Texas Supreme Court has determined that we must deny a court-appointed counsel's motion to withdraw in a parental rights termination case if the motion is based solely on *Anders*. A parent's statutory right to counsel in suits seeking termination of parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review, and counsel's "belief" that the appeal is frivolous does not constitute "good cause" for withdrawal. *P.M.*, 520 S.W.3d at 27; *see* Tex. Fam. Code Ann. § 107.016(2) (stating that in a suit by a governmental entity seeking the termination of parental rights, certain appointed attorneys continue to serve in that capacity until the date the suit is dismissed, the date all appeals from the termination order are exhausted, or the date the attorney is relieved of his duties or replaced by another attorney after a finding of "good cause" is rendered by the court). Accordingly, we must deny counsel's motion to withdraw. *See P.M.*, 520 S.W.3d at 27. In the event S.G. advises her appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28. Counsel's motion to withdraw is denied.

/s/ Mike Wallach

Mike Wallach

Justice

Delivered:  September 22, 2022